UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PAUL J. VASQUEZ,

    Petitioner,

v.                                      No. CV 16-678 JAP/WPL
                                          CR 08-521 JAP

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    Petitioner Paul Vasquez (Petitioner) relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), to request this Court to vacate his sentence. *See* MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) (Motion); REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 10) (Reply). Petitioner argues that the prior convictions used to increase his base offense level under U.S.S.G. § 2K2.1(a)(2) are not crimes of violence after *Johnson*, and therefore that he should be resentenced using the corrected base offense level and the resulting lower Sentencing Guidelines range. *See* Mot. at 1–2. The United States opposes the Motion. *See* UNITED STATES' RESPONSE TO DEFENDANT/MOVANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 9) (Response). The Court will grant the Motion in part.

    **I.**     **BACKGROUND**

    On July 1, 2008, Petitioner pleaded guilty to one count of being a felon in possession of a firearm. Mot. at 2. He did not enter into a plea agreement. Resp. at 1. Petitioner's base offense

1

level was enhanced under U.S.S.G. § 2K2.1(a)(2) due to his prior convictions for aggravated battery with a deadly weapon and battery on a peace officer, which were both considered crimes of violence. Mot. at 1–2. U.S.S.G. § 2K2.1(a) sets a base offense level of 12, which is enhanced to 20 if a defendant has a prior felony conviction for a crime of violence or a controlled substance offense, and to 24 if the defendant has two or more such prior convictions. Petitioner's total offense level was 27 after adjustments. Mot. at 2. When combined with his criminal history category of VI, this resulted in an advisory Sentencing Guidelines range of 130–162 months. Mot. at 2. Petitioner was sentenced to the statutory maximum sentence of ten years, or 120 months. Mot. at 2. He is currently scheduled for release in February 2017. Mot. at 3.

U.S.S.G. § 2K2.1(a)(2) incorporates the definition of "crime of violence" found in U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1(a)(2) cmt. n.1. At the time of Petitioner's offense, that definition included any felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a) (2007) (emphasis added). The Tenth Circuit Court of Appeals has held that this italicized part of U.S.S.G. § 4B1.2, the residual clause, is unconstitutionally vague in light of *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).

Petitioner asserts that his prior convictions could have qualified as crimes of violence only under the now-invalid residual clause of U.S.S.G. § 4B1.2(a). Mot. at 12, 16. He asks this Court to apply *Johnson* retroactively to his case on collateral review and to resentence him without the enhanced base offense level. Mot. at 16. Petitioner's total offense level would have been 15 if neither of his prior convictions qualified for enhancement under U.S.S.G. § 2K2.1(a),

2

resulting in a Guidelines range of 41–51 months. Mot. at 2–3. If only one conviction had been counted, his total offense level would have been 23 and his advisory Guidelines range would have been 92–115 months. Resp. at 12. The United States concedes that Petitioner's conviction for battery on a peace officer is not a crime of violence, so that Petitioner is substantively eligible for at least partial relief.[1] Resp. at 11–12. But the United States argues that *Johnson* is not retroactively applicable to Guidelines cases on collateral review, and therefore that Petitioner's Motion must be denied on procedural grounds. Resp. at 11.

This issue is currently before the Supreme Court in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (June 27, 2016). However, Petitioner has already served more than the corrected minimum advisory Guidelines range were he to prevail on his Motion. The Court will therefore consider the merits due to the possible prejudice to Petitioner from any delay. *See United States v. Carey*, No. 16–8093, ––– F. App'x –––, 2016 WL 6543343 (10th Cir. Nov. 4, 2016) (unpublished) (granting a writ of mandamus directing the district court to rule on a § 2255 motion without waiting for *Beckles* when the petitioner would be eligible for immediate release if his claim was meritorious).

## II.   DISCUSSION

The Supreme Court held in *Johnson* that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague, so that its application to impose an increased sentence was a violation of due process. 135 S.Ct. 2551, 2557, 2563. *Johnson* applies retroactively to all ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). *Johnson* also applies to cases on direct appeal where an enhanced Guidelines range was derived from application of the residual clause in the

---

[1] The United States does not concede that Petitioner's conviction for aggravated battery with a deadly weapon is not a crime of violence, but does not respond to Petitioner's argument as it relates to that charge. *See* Resp. at 11 n.2.

3

Sentencing Guidelines. *Madrid*, 805 F.3d at 1211. But the United States contends that *Johnson* is procedural rather than substantive when it is applied to the Sentencing Guidelines, and therefore that *Johnson* does not apply retroactively to Guidelines cases on collateral review. Resp. at 11.

New constitutional rules of criminal procedure are not generally applicable to cases that are already final when the rules are announced. *See Welch*, 136 S. Ct. 1264 (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)). A new rule is retroactively applicable to cases on collateral review only if it is substantive rather than procedural, or if it represents a "watershed" change in criminal procedure that impacts accuracy or fundamental fairness. *Id.* A substantive rule "alters the range of conduct or the class of persons that the law punishes," and includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* at 1264–65 (internal quotation marks and citation omitted). By contrast, a procedural rule "regulate[s] only the *manner of determining* the defendant's culpability." *Id.* at 1265 (emphasis in original) (internal quotation marks omitted). It does not create "a class of persons convicted of conduct the law does not make criminal." *Id.* (internal quotation marks omitted).

The Supreme Court determined in *Welch* that the rule announced in *Johnson* was substantive, and therefore retroactive, because *Johnson* narrowed the reach of the ACCA by limiting the offenses that qualified for an enhanced sentence. *Id.* After *Johnson*, a sentence imposed under the residual clause of the ACCA is not a legitimate sentence. *See id.* The application of *Johnson* to Guidelines cases similarly reduces the offenses which merit an enhanced Guidelines range. *See Madrid*, 805 F.3d at 1213.

The United States argues that the advisory nature of the Sentencing Guidelines makes this effect procedural rather than substantive. Resp. at 6–9. A judge does retain the authority to sentence outside the Guidelines, *see Madrid*, 805 F.3d at 1211, so that a statutorily authorized sentence imposed after calculation of an erroneously enhanced Guidelines range is not an illegal sentence even if it is higher than the maximum of the correct range. *See* Resp. at 7–9. But a rule does not need to eliminate the possibility of a certain sentence to be substantive. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016). *Montgomery* held that the rule announced in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which invalidated the mandatory imposition of life without the possibility of parole on juvenile offenders, was a substantive rule despite the fact that the sentencing court could still impose the penalty. *Montgomery*, 136 S. Ct. at 734. *Miller* required that a sentencing court consider an offender's youth when determining the appropriate punishment, but *Miller* also determined that "sentencing a child to life without parole is excessive for all but the rare juvenile offender whose crime reflects irreparable corruption." *Id.* (internal quotation marks omitted). This reduced the number of juvenile offenders that could be constitutionally subjected to a sentence of life in prison, so it announced a substantive rule with retroactive effect. *Id.*

Similarly here, reducing the number of offenses that qualify as crimes of violence under the Guidelines reduces the range of conduct that will trigger an enhanced penalty and the number of offenders that will be subject to enhancement. "[T]he Guidelines are the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range." *Madrid*, 805 F.3d at 1211. While all sentencing decisions are within the discretion of the district court and subject to deferential review, "the extent of the difference between a particular sentence and the

5

recommended Guidelines range is surely relevant" to the reasonableness of a particular sentence. *Gall v. United States*, 552 U.S. 38, 40 (2007). A sentence that falls within the recommended Guidelines range may be presumed to be reasonable. *Id.* But "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* at 46.

The Guidelines therefore provide the basis for the sentence even when the term imposed falls outside the advisory range. *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013). This system, "in practice, make the imposition of a non-Guidelines sentence less likely." *Id.* at 2083–84. "The Sentencing Guidelines represent the Federal Government's authoritative view of the appropriate sentences for specific crimes. " *Id.* at 2085. "[A]n increase in the guidelines range applicable to an offender create[s] a significant risk that [the offender will] receive a higher sentence." *Id.* at 2083; *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("[T]he Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar. The Guidelines inform and instruct the district court's determination of an appropriate sentence. In the usual case, then, the systemic function of the selected Guidelines range will affect the sentence. . . . In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome.").

The United States urges the Court to follow *Miller v. United States*, 16-cv-00566-WJ-WPL (D.N.M. Sept. 23, 2016), which concluded that *Johnson* announced a procedural rule when applied to the Guidelines due to their advisory nature. Resp. at 4. But the United States has failed to mention *Soto v. United States*, 16-cv-00308-JAP-CG (D.N.M. Sept. 16, 2016), *Martinez Jr. v.*

*United States*, 16-cv-00449-RB-LAM (D.N.M. Dec. 2, 2016), or any of the other district court decisions in this Circuit which have reached the opposite conclusion. *See Martinez Jr.*, 16-cv-00449-RB-LAM (collecting cases from other districts). The Court concludes that the rule announced in *Johnson* reduces the range of conduct that merits a longer recommended Guidelines sentence, and thereby limits the number of offenders that can still reasonably be subjected to such a lengthy term based on individualized justifications for sentencing outside of the Guidelines. This is a substantive rule that applies retroactively on collateral review.

Having concluded that *Johnson* is applicable, the Court will analyze Petitioner's prior convictions to determine whether they can be categorized as crimes of violence after *Johnson*. The United States concedes that Petitioner's conviction for battery on a peace officer is no longer a crime of violence. Resp. at 11–12. But Petitioner argues further that *Johnson* also invalidated any enhancement based on his conviction for aggravated battery with a deadly weapon. Mot. at 9–12. Aggravated battery is not an enumerated crime of violence under § 4B1.2(a). Thus to survive *Johnson* as a predicate offense for enhancement, aggravated battery must contain as an element the use, attempted use, or threatened use of physical force. *See* § 4B1.2(a). The Supreme Court has clarified that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

New Mexico defines aggravated battery as "the unlawful touching or application of force to the person of another with intent to injure that person or another." NMSA 1978, § 30-3-5(A) (1969). The use of a deadly weapon elevates the crime to a felony. Section 30-3-5(C). A deadly weapon is "any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm." NMSA 1978, § 30-1-12(B) (1963). Petitioner argues that

aggravated battery does not require the use of violent physical force because it encompasses any touch. Mot. at 11; In determining whether the requisite element of force is present, the Court is bound by the New Mexico Supreme Court's interpretation of state law. *See Johnson*, 559 U.S. at 138.

In New Mexico, simple battery requires only the slightest touch. *See State v. Seal*, 1966-NMSC-123, ¶ 5, 76 N.M. 461, 415 P.2d 845. The "unlawful touching or application of force" required to commit aggravated battery is the same. *See State v. Garcia*, 2009-NMCA-107, ¶ 5, 147 N.M. 150, 217 P.3d 1048 (simple battery is a lesser included offense of aggravated battery). Common-law battery that can be committed by any offensive touch, no matter how slight, does not qualify as a crime of violence. *See Johnson*, 559 U.S. at 141–42. But the requirement of a specific intent to injure and the use of a deadly weapon differentiate New Mexico's aggravated battery statute from the common-law crime. *See United States v. Mitchell*, 653 F.App'x 639, 645 (10th Cir. 2016) ("the additional element of a deadly or dangerous weapon makes an apprehension-causing assault [or an attempted-battery assault] a crime of violence, even if the simple assault would not be."); *United States v. Ramon-Silva*, 608 F.3d 663, 669–72 (10th Cir. 2010) (aggravated assault with a deadly weapon is a crime of violence because it threatens violent physical force); *United States v. Treto-Martinez*, 421 F.3d 1156, 1159 (10th Cir. 2005) (aggravated battery with a deadly weapon under Kansas law is a crime of violence even though it requires only touch because "[p]hysical contact with a deadly weapon . . . will always constitute either actual or threatened use of physical force."). The Court concludes that even if only the slightest touch is required, Petitioner's conviction for aggravated battery with a deadly weapon contains as an element the threatened use of violent physical force, and remains a crime of violence after *Johnson*. Petitioner is properly subject to enhancement of his offense level under

U.S.S.G. § 2K2.1(a) based on one prior conviction for a crime of violence, rather than the two prior convictions which were included at his sentencing.

    IT IS THEREFORE ORDERED that Petitioner's MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) is GRANTED in part and DENIED in part. Petitioner's sentence will be vacated and a resentencing hearing will be scheduled.

_____
SENIOR UNITED STATES DISTRICT JUDGE